UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, NE<br>Washington, D.C. 20549<br><br>   Plaintiff,<br><br>  v.<br><br>BIOMET, INC.<br>56 East Bell Drive<br>Warsaw, Indiana 46582<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   12-454 (RMC) |

**AMENDED FINAL JUDGMENT AS TO DEFENDANT BIOMET, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant Biomet Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Amended Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Amended Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Final Judgment filed with this Court on March 27, 2012 shall remain in full force and effect and that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly,

Section 30A of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78dd-1] by use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of any offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to—

(1) any foreign official for purposes of—

(A)(i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

(B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person;

(2) any foreign political party or official thereof or any candidate for foreign political office for purposes of—

(A)(i) influencing any act or decision of such party, official, or candidate in its or his official capacity, (ii) inducing such party, official, or candidate to do or omit to do an act in violation of the lawful duty of such party, official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such party, official, or candidate to use its or his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person; or

2

(3) any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official, to any foreign political party or official thereof, or to any candidate for foreign political office for purposes of—

(A)(i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or (iii) securing any improper advantage;

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person.

II

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m(b)(2)(A), by failing to make and keep books, records, and accounts, which, in reasonable

detail, accurately and fairly reflect the transactions and dispositions of the assets of the Defendant.

III

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Second Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to continue to retain an independent corporate compliance monitor pursuant to paragraphs 5 through 10 of the Second Consent, and to certify, in writing,

compliance with the undertakings set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Assistant Director Tracy Price, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Amended Final Judgment.

Dated: July 16, 2015

_____
UNITED STATES DISTRICT JUDGE